**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 07-4265**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SHARIFF OMAR CARMICHAEL, a/k/a Michael
Johnson, a/k/a Paul Johnson,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte. Frank D. Whitney,
District Judge. (3:04-cr-00249)

_____

Submitted: January 18, 2008      Decided: February 28, 2008

_____

Before WILKINSON, NIEMEYER, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Tolly A. Kennon, III, KENNON & ASSOCIATES, Charlotte, North
Carolina, for Appellant. Gretchen C. F. Shappert, United States
Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United
States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sheriff Omar Carmichael was convicted of bank robbery, armed bank robbery, using and carrying a firearm during a crime of violence, and possession of a firearm by a convicted felon, all arising from the July 19, 2004 robbery of the State Employees Credit Union in Charlotte, North Carolina. He appeals his conviction and 346-month total sentence, contending that the district court abused its discretion in severing his trial from that of a co-defendant, erred in disqualifying certain prospective jurors and allowing other prospective jurors to serve on the jury, and erred in determining Carmichael's sentence. Finding no reversible error, we affirm Carmichael's convictions and sentence.

Co-defendant Gina Marie Sarrubbo was charged in the same indictment as Carmichael with one count of knowingly selling a firearm to and disposing of ammunition for a convicted felon, in violation of 18 U.S.C.A. § 922(d) (West 2000 & Supp. 2007). Although Carmichael and Sarrubbo were named in the same indictment, they were named in separate counts. Sarrubbo sought a severance, asserting that she intended to call Carmichael as a witness on her behalf, but if they were tried together, he would likely assert his right not to incriminate himself, thus prejudicing her ability to present her defense. Sarrubbo also asserted that her defense directly conflicted with Carmichael's and that there would be little overlap in the evidence against them because they were

charged in separate counts in the indictment.  We find no abuse of discretion by the district court decision to grant Sarrubbo's motion for a severance.  See Zafiro v. United States, 506 U.S. 534, 541 (1993); United States v. Allen, 491 F.3d 178, 189 (4th Cir. 2007) (allowing severance where disparity of culpability).

Next, Carmichael contends that the district court erred in disqualifying certain prospective jurors and allowing other prospective jurors to serve on the jury for his trial.  First, Carmichael waived any objections to seated jurors by his failure to object to the empaneling of the jury.  See McNeill v. Polk, 476 F.3d 206, 225 (4th Cir.), cert. denied, 128 S. Ct. 647 (2007); Allen v. Lee, 366 F.3d 319, 328 (4th Cir. 2004). Second, the district court's decisions to disqualify certain jurors had reasonable bases and therefore the court did not abuse its discretion in disqualifying certain potential jurors and not others.  See United States v. Fulks, 454 F.3d 410, 427 (4th Cir. 2006), cert. denied, 127 S. Ct. 3002 (2007).  Third, the district court did not commit clear error in determining that the Government's peremptory challenges were not discriminatory under Batson v. Kentucky, 476 U.S. 79 (1986).  See United States v. Grimmond, 137 F.3d 823, 833 (4th Cir. 1998).

Finally, Carmichael contends that the district court erred in determining his sentence.  He contends that the district court violated his Sixth Amendment rights by applying the

Sentencing Guidelines as mandatory and by increasing his sentence based on facts not admitted by him or found by the jury beyond a reasonable doubt.

In determining Carmichael's sentence, the court enhanced it based on the court's determination, by a preponderance of the evidence, that Carmichael committed an armed robbery, and that he possessed a firearm after having been convicted of a felony. Carmichael contends that these findings violate United States v. Booker, 543 U.S. 220 (2005), and In re Winship, 397 U.S. 358, 364 (1970), which protect a criminal defendant from being convicted on less than a "beyond a reasonable doubt" standard.

The Supreme Court in Booker held that the mandatory enhancement of a defendant's sentence based on facts not admitted by the defendant or submitted to a jury and found beyond a reasonable doubt violates the Sixth Amendment. Booker, 543 U.S. at 244-46. However, the Court excised the statutory provisions which required the Guidelines to be mandatory, and instead made application of the Guidelines advisory. Id. at 245. Thus, after Booker, the sentencing court is directed to determine the applicable guideline range, making all appropriate findings of fact. United States v. Moreland, 437 F.3d 424, 432 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). The resulting range is the advisory guideline range. The court then is to consider whether a departure is warranted, either under the Guidelines or under case

law, and whether a variance is appropriate, giving consideration of the factors in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007).  Id. Any variance sentence must be explained in light of the § 3553(a) factors.

After Booker, a district court is no longer bound by the range prescribed by the sentencing guidelines.  A district court's decision to depart (or vary) from the advisory guidelines is reviewed for reasonableness.  United States v. Dalton, 477 F.3d 195, 197 (4th Cir. 2007).  In reviewing a sentence outside the guidelines range, "we consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the guideline range."  United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007).  A sentence is unreasonable if the "court provides an inadequate statement of reasons or relies on improper factors in imposing a sentence outside the properly calculated advisory sentence range."  Id.

Relying on U.S. Sentencing Guidelines Manual § 4A1.3, p.s. (2006), the district court imposed a sentence of 262-months on the armed bank robbery charge.  This was two-and-a-half times more than the top of the pre-departure advisory range (105 months). According to USSG § 4A1.3, a district court may depart upward from an applicable guidelines range if "reliable information indicates that the defendant's criminal history category substantially under-

represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." USSG § 4A1.3(a)(1). In deciding whether a departure is warranted under § 4A1.3, a sentencing court may consider prior similar adult conduct which did not result in a criminal conviction. USSG § 4A1.3(a)(2)(E). Here, after hearing evidence, the district court found by a preponderance of the evidence that Carmichael committed an armed robbery on July 9, 2004, and that he was in possession of a firearm when he was arrested on July 27, 2004. Based on these findings, the court departed upward under USSG § 4A1.3(a)(4)(B), which provides that when a "defendant's criminal history . . . warrant[s] an upward departure from Criminal History Category VI the court should structure the departure by moving incrementally down the sentencing table to the next higher offense level in Criminal History Category VI until it finds a guideline range appropriate to the case." USSG § 4A1.3(a)(4)(B); see Dalton, 477 F.3d at 199. The district court alternatively granted an upward variance based on its consideration of 18 U.S.C. § 3553(a).

The district court's decision to vary or depart was based, not only on conduct not resulting in conviction and Carmichael's extensive criminal history, but also on the court's observations that Carmichael was a chronic recidivist, the need to protect the public from further crimes by Carmichael, and that he failed to constructively utilize the excellent training he had

received when previously incarcerated at the federal correctional institute.  Accordingly, we conclude that the district court sufficiently articulated its reasons for departing from the guidelines range and that the sentence imposed was reasonable.  <u>See</u> <u>Moreland</u>, 437 F.3d at 432;  <u>see also</u> <u>Gall v. United States</u>, 128 S. Ct. 586 (2007) (holding that courts of appeals should review sentences outside the advisory guidelines range for abuse of discretion only).

In conclusion, we affirm Carmichael's convictions and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>